UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Melbourne Weddle | Mary Barry | |

**Proceedings:** **DEFENDANTS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT, AND TO STRIKE** (filed October 4, 2012)

## I.   INTRODUCTION

On July 18, 2012, plaintiff Nader Mirzai filed this action against the County of Santa Barbara ("County"); William Brown, Sheriff of the County; Sandra Rivera; and Does 1–10, inclusive (collectively, "defendants"). Plaintiff alleges that he was wrongfully arrested on his ranch for tampering with a vehicle and subjected to excessive force by Deputy Rivera and other members of the County of Santa Barbara's Sheriff's Office. Plaintiff asserts the following claims: (1) illegal seizure in violation of the Fourth Amendment to the United States Constitution brought under 42 U.S.C. § 1983; (2) excessive force in violation of the Fourth Amendment to the United States Constitution brought under 42 U.S.C. § 1983; (3) conspiracy to violate plaintiff's civil rights pursuant to 42 U.S.C. § 1985(1); (4) false arrest and imprisonment; (5) false arrest and imprisonment; (6) assault and battery; (7) intentional infliction of emotional distress; (8) negligence; (9) respondeat superior. Plaintiff alleges that all of the Doe defendants were employed as Sheriff's deputies for the County at the time of the incident. Compl. ¶ 5.

On October 4, 2012, defendants moved to dismiss plaintiff's complaint. Plaintiff filed his opposition to defendants' motion on November 27, 2012. Defendants replied on December 3, 2012. Defendants' motion is presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

## II. BACKGROUND

Plaintiff's allegations are as follows: On August 7, 2011, plaintiff, a seventy-three year old male, and long-time friend Linda Duntley got into an argument on plaintiff's ranch in Santa Ynez, California. Plaintiff and Duntley have been friends for over 23 years, although it is unclear from plaintiff's allegations if Duntley resided at the ranch. The altercation began when Duntley attempted to assist plaintiff in driving his long travel trailer through a gate on his property. Compl. ¶ 10. Despite her assistance, plaintiff allegedly hit the side of the trailer and became upset with Duntley. Plaintiff then threatened to call the sheriff if Duntley did not leave the ranch by 7:00 p.m that evening. Id.

By 7:00 p.m., Duntley had not left the ranch. At about 7:10 p.m., a sheriff's vehicle came onto the property, at which time plaintiff was driving his bobcat tractor. Compl. ¶ 10.[1] Upon arrival, Sheriff's Deputy Sandra Rivera ("Rivera") exited her sheriff's vehicle and pointed her rifle at plaintiff. Compl. ¶ 11. Rivera approached plaintiff, shouting for him to get face down on the ground and hold his hands to his side. Id. Plaintiff obeyed her commands. Id. While plaintiff was face down on the ground, a second deputy ("Doe 1") handcuffed plaintiff tightly before placing him in the back seat of the sheriff's vehicle. Compl. ¶ 11.

Plaintiff asked Rivera whether Duntley was making a charge against him. Compl. ¶ 11. Rivera responded: "We saw you doing it. It doesn't make any difference what she says or whether or not she charges." Compl. ¶ 12. Rivera did not clarify what she had seen or what charges plaintiff faced, but she did ask about some gardening tools that lay adjacent to plaintiff's garage. Id. Rivera then read plaintiff his Miranda rights and asked if he would speak to her. Id. After plaintiff replied that he would, Rivera asked him if he was taking any prescription medicine; plaintiff replied that he was taking medication for his heart and for prostrate problems. Rivera denied plaintiff's subsequent request to obtain his medicine and wallet and to change his clothes. Id.

---

[1] Neither plaintiff nor defendants offer any explanation as to why or how Deputy Rivera and Doe 1 came to be at plaintiff's residence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

Plaintiff was arrested for willfully tampering with Duntley's vehicle and was booked at the county jail. Compl. ¶ 12.[2] Plaintiff spent the night in jail and was released the next day. Id. ¶ 14. When he was released, plaintiff had red marks on his wrists. Id.

## III.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

---

[2] Although not contained within plaintiff's allegations, the County contends that the logical inference from plaintiff's allegations is that Rivera and Doe 1 saw plaintiff using his bobcat tractor to tamper with Duntley's vehicle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.  ANALYSIS

### A.  Plaintiff's State Law Claims

Plaintiff's pleads five claims that arise under California law: false arrest and imprisonment, assault and battery, intentional infliction of emotional distress, negligence, and "respondeat superior."

Although a plaintiff may allege supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, a plaintiff must first comply with the requirements of the California Tort Claims Act ("CTCA").  See Butler v. L.A. County, 617 F. Supp. 2d 994, 997 (C.D. Cal. 2009).  Timely claim presentation is not merely a procedural requirement, but is "a condition precedent to plaintiff's maintaining an action" against defendants.  Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (Cal. 2007) (internal citations omitted).  Complaints that do not allege facts demonstrating either that a tort claim was timely presented or that compliance with the claims statute is excused are subject to dismissal.  Id.  Therefore, in order for plaintiff to bring these claims against a public entity such as the County of Santa Barbara or its employees, plaintiff must allege facts demonstrating or excusing compliance with the CTCA.  Cal. Gov. Code §§ 910 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

The CTCA provides that an individual cannot file a civil complaint against a public entity for personal injuries or property damage unless that claim is first presented to the pertinent public entity. Cal. Gov. Code § 911.2; Munoz v. State of California, 33 Cal. App. 4th 1767, 1776 (1995). Under the CTCA, a claim "relating to a cause of action for. . . injury to person. . . shall be presented. . . not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2. The CTCA further provides that "no suit for money or damages may be brought against a public entity. . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. . . ." Cal. Gov. Code § 945.4. Thus, under these provisions of the CTCA, failure to timely present a claim for money or damages to a public entity bars a plaintiff from bringing state law claims against that entity or its employees. Cal. Gov. Code § 950.2; see State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (Cal. 2004); Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969) (holding that these requirements are "elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action.").

If an injured party fails to file a claim within the six month period, the CTCA provides that the party may make a written application to the public entity for leave to present such claim. Cal. Gov. Code § 911.4(a) ("a written application may be made to the public entity for leave to present [a late] claim"); Toscano v. County of Los Angeles, 92 Cal. App. 3d 775, 781–82 (1979). If the public entity denies the application, section 946.6 of the CTCA authorizes the injured party to petition the Superior Court for relief from section 945.4's claim presentation requirements. Munoz v. State of California, 33 Cal. App. 4th 1767, 1777 (1995). This petition must be filed within six months after the entity denies the section 911.6 application, pursuant to Cal. Gov. Code § 946.6. If a plaintiff fails to obtain this judicial relief, the Act bars him or her from bringing suit on his or her state claims.

Whether plaintiff has complied with the CTCA depends on when his state claims "accrued" for purposes of Cal. Gov. Code § 911.2. The CTCA provides that the date of accrual is "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented." Cal. Gov. Code § 901. Turning to the relevant California law, a cause of action accrues when a person is entitled to bring and prosecute an action on it, County of Fresno v. Lehman, 229 Cal. App. 3d 340, 345–46

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

(1991); tort causes of action generally accrue when the wrongful act is committed. Collins v. County of Los Angeles, 241 Cal. App. 2d 451, 454, 458 (1966).

Plaintiff alleges that his "injuries that are the subject of this cause of action occurred on August 7, 2011." Compl. ¶ 44. Plaintiff did not file a claim with the County six months after this date, however. Instead, plaintiff filed a section 911.4(a) application to file a late claim, wherein plaintiff disputed that his claim was untimely, and asserted that he was only filing the application out of an "excess of caution." Defs.' Ex. A.[3] Plaintiff asserted that "it can be argued that the 6 month filing period started on

---

[3] Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Additionally, a court may review documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). Though a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not. . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell, 266 F.3d at 988; Neilson v. Union Bank of California, N.A. 290 F. Supp.2d 1101, 1114) (C.D. Cal. 2003) (finding judicial notice proper where plaintiffs relied on the terms of a contract in their complaint, defendants submitted the contract with their complaint, and authenticity was undisputed). Here, plaintiff has not disputed the authenticity of these documents that plaintiff directly references in his complaint. Accordingly, the Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

January 12, 2012 when the District Attorney made its determination not to prosecute." Id. On February 22, 2012, plaintiff's application for leave to present his claim was denied. Plaintiff argues that this denial does not prevent him from bringing suit; rather, plaintiff argues that timeliness of the claim was outside the scope of the 946.6 petition and is only now properly before the court (citing Toscano v. County of Los Angeles, 92 Cal. App. 3d 775, 783 (1979)).

In response, defendants argue that under the relevant California law, plaintiff's claims accrued on August 7, 2011, the date of his allegedly wrongful arrest. Consequently, defendants argue, since plaintiff did not present his claims to the County within the sixth month period, under section 911.4(a), he was required to file an application with the County for leave to present his claims. Defendants argue that when his application was denied, plaintiff's only recourse under the CTCA was to petition the Superior Court for relief from the CTCA's filing requirements. See Cal. Gov. Code §§ 945.4, 946.6. Despite the County informing him of this requirement in its rejection letter, plaintiff fails to demonstrate that he has petitioned the Superior Court for relief. Defs.' Ex. A. Therefore, defendants contend that plaintiff's state law claims should be dismissed with prejudice since plaintiff fails to allege facts either demonstrating or excusing compliance with the CTCA.

The Court agrees that under California law, plaintiff's claims accrued on August 7, 2011.[4] Plaintiff's tort claims clearly arise out of the events that took place on August 7, 2011, when plaintiff was allegedly wrongfully arrested by defendants—plaintiff acknowledges as much in his complaint. Compl. ¶ 44. Plaintiff could have brought an action against the County for his tort claims as soon as he was released from county jail, the day after his August 7, 2011 arrest, and therefore plaintiff's claims accrued for purposes of the CTCA on this date. Cal. Gov. Code § 901. As such, the six month window for him to provide notice of his claims to the County came to a close on February 7, 2012. It is undisputed that plaintiff did not file anything within this six month period. Instead, plaintiff filed an "Application for Permission to File a Late Claim" on February

---

[4] Defendants do not dispute that under Toscano v. County of Los Angeles, 92 Cal. App. 3d 775, 783 (1979), the timeliness of a plaintiff's presentation of his claims falls outside the scope of a section 946.6 petition appealing the denial of an application to file a late claim and is therefore properly addressed by the Court on this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

17, 2012, which was denied. Defs.' Ex. A. After this denial, plaintiff does not allege that he ever sought relief in Superior Court pursuant to section 946.6. Therefore, plaintiff's claims are barred by section 945.4, because plaintiff never complied with the requirements of the CTCA. Failure to meet these requirements precludes the litigation of his state law claims in this Court.

In Butler v. L.A. County, 617 F. Supp. 2d 994, 997–98 (C.D. Cal. 2009), for example, the plaintiff was arrested on June 6, 2006. It was not until March 17, 2007—over nine months later—that the Superior Court dismissed the criminal case against the plaintiff after the court determined there was no reasonable suspicion or probable cause to support the plaintiff's detention or arrest. At that point, the plaintiff filed a claim against the county for unlawful detention, among other claims. Id. Despite the ultimate dismissal of the underlying criminal charges against the plaintiff, the court found that the plaintiff's state law claims accrued on June 6, 2006, the date of his arrest. Id. at 1002. The court further found that the plaintiff was not entitled to tolling of the six-month period while criminal charges were pending against him, because the CTCA expressly forecloses such an argument in Cal. Gov. Code § 945.3. Id. As with the plaintiff in Butler, plaintiff's claims here accrued for purposes of the CTCA at the time of his release from jail, not at the time when the charges against him were dismissed .

Plaintiff's argument that his claims were "in abeyance" until after the County dismissed the charges against him, citing to Heck v. Humphrey, 512 U.S. 477 (1994), is unavailing. In Heck, the Supreme Court addressed the accrual date of a federal § 1983 claim, which is a question of federal common law. See Wallace v. Kato, 549 U.S. 384, 397 (2007) (holding that "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. . . [but] by federal rules conforming in general to common-law tort principles"). Heck, as cabined by Wallace, simply does not control when a claim accrues for purposes of the CTCA, as such analysis is governed by the relevant provisions of the California Government Code. See Cal. Gov. Code § 901 (defining accrual for purposes of the CTCA). As noted, the Court finds that plaintiff's state law claims accrued no later than August 8, 2011, when plaintiff was released from jail; plaintiff does not argue that California law is otherwise. See Butler, 617 F. Supp. 2d at 1002. To the extent that plaintiff argues that tolling should apply to the six-month time period for filing of a claim, this argument is foreclosed by Cal. Gov. Code § 945.3. This section tolls the statute of limitations for bringing a claim for damages against a public entity in certain limited circumstances, but also provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

"[n]othing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2." Id. As such, plaintiff was not relieved of his obligation to present his claims to the County no later than six months after these claims accrued.

Because plaintiff fails to allege compliance with the claim presentation requirements set forth under the CTCA or demonstrate that he followed the proper channels necessary to excuse his failure to comply with the Act, the Court finds that plaintiff fails to state a cognizable claim under the CTCA. Accordingly, the Court grants defendants' motion to dismiss plaintiff's state law claims.

### B. Federal Claims

#### 1. Plaintiff's Claim that Rivera and Does 1-10 Violated the Fourth Amendment

Defendant moves to dismiss plaintiff's first claim for a violation of plaintiff's Fourth Amendment rights by Rivera and Does 1 and 2. In this claim, plaintiff alleges that defendants County, Brown, Rivera, and "Does 1 and 2 through 10, acted under color of law to deprive plaintiff of certain constitutionally protected rights." Compl. ¶ 24. In particular, he alleges violations of the Fourth Amendment resulting from: (1) an arrest without probable cause; (2) Doe 1's use of excessive force in handcuffing plaintiff; and (3) conspiracy between Rivera and Doe 1 to fabricate criminal charges against Mirzai. Id. The arrest was without probable cause, plaintiff avers, because "Rivera did not see plaintiff tamper with any vehicle without the consent [of Duntley];" nor did he actually tamper with the vehicle; nor did any defendant find any evidence of tampering. Compl. ¶ 13. Moreover, plaintiff alleges that because he was driving his bobcat when Rivera arrived at the ranch, she could not possibly have witnessed any vehicular tampering. Id. As to plaintiff's conspiracy theory, plaintiff alleges that Rivera and Doe 1 met and constructed a false story about what had happened on plaintiff's ranch that was "designed to conceal Plaintiff's false arrest and imprisonment." Compl. ¶ 24. In addition, plaintiff alleges that the other defendant officers present during the false arrest "either participated in or witnessed the false arrest and did nothing to prevent it." Compl. ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

Defendants argue as follows. First, plaintiff fails to state a claim under any theory against Does 2-10, because plaintiff alleges no facts in particular against these unnamed individuals. Mot. at 7. Second, plaintiff fails to allege how anyone other than Doe 1 participated in subjecting plaintiff to any excessive force. However, defendants do not appear to contest the sufficiency of plaintiff's allegations against Doe 1. Third, plaintiff's unlawful search and seizure theory does not meet the plausibility standard under Twombly or Iqbal, because even taking the facts alleged by plaintiff as true, the officers had probable cause to arrest plaintiff. Fourth, plaintiff's conspiracy theory fails because it is based solely on conclusory allegations devoid of factual content.

First, the Court finds that plaintiff's complaint is devoid of any particular allegations with respect to Does 2–10 under any of his theories. Plaintiff does not appear to name Does 2–10 as defendants to this claim; however, he purports to assert a claim against these defendants through a single factual allegation that these officers "participated in or witnessed the false arrest" and failed to prevent it. Compl. ¶ 24. This single, generalized group allegation is insufficient to state a claim against Does 2–10. Plaintiff must allege the type of "integral participation" on the part of these officers to state a claim against them. See Torres v. City of Los Angeles, 548 F.3d 1197, 1206 (9th Cir. 2008); Blankenhorn v. City of Orange, 485 F.3d 463, 481, n. 12 (9th Cir. 2007) (integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation"). As such, the Court concludes that plaintiff's allegations with respect to Does 2–10 are insufficiently pled.[5]

Second, the Court agrees with defendants that plaintiff fails to state a claim premised on the use of excessive force by Rivera and Does 2–10. While unclear, plaintiff's excessive force allegation appears to be premised only upon the conduct of Doe 1, whom plaintiff alleges caused him bodily injury by tightly handcuffing him. Compl. ¶ 24(b). To the extent that plaintiff's claim for excessive force is based upon the conduct of these other defendants, plaintiff must allege what facts give rise to a claim of excessive force against these officers. The Court is unable to discern what, if any, of the other defendants' conduct gives rise to an excessive force claim against these individuals.

---

[5] Plaintiff argues in opposition that he has pled "the actual facts, acts, and omissions" related to these Doe defendants, but does not state where in his complaint he has pled such facts. Opp'n at 12. Plaintiff cannot simply allege the involvement of Doe defendants without asserting factual allegations pertaining to them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

Accordingly, the Court grants defendants' motion to dismiss the excessive force claim against Rivera and Does 2–10.

Third, the Court finds that plaintiff's claim for unlawful search and seizure withstands defendants' motion to dismiss. Defendants' arguments regarding the factual plausibility of plaintiff's claim are better addressed on a motion for summary judgment or at trial; taking plaintiff's factual allegations as true, the Court cannot conclude as a matter of law that plaintiff fails to state a claim.

Fourth, the Court concludes that plaintiff's conspiracy to violate constitutional rights claim states a potential claim against defendants. "To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. " Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quotations and citations omitted); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). While thinly pled, plaintiff alleges that Rivera and Doe 1 met and constructed a false story in order to conceal plaintiff's purported false arrest, as both of these officers were allegedly involved in plaintiff's arrest. Plaintiff's allegation that the officers participated in the alleged false arrest raises an inference that the deputies "share[d] the common objective of the conspiracy" to cover up their actions. Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002). Although plaintiff's allegations regarding Does 2–10 may be somewhat inconsistent with his conspiracy allegations directed at Rivera and Doe 1, the Court finds these conspiracy allegations sufficient to withstand defendants' motion.

### 2.     *Monell*/Supervisory Liability Claim

In his second claim, plaintiff alleges general "Misconduct of Sheriff's Office" apparently based on both a Monell theory of liability and a supervisory liability theory alleged against County, Brown, and Does 3–10. Compl. ¶¶ 26–28. Specifically, plaintiff alleges that defendants County, Brown, and Does 3–10 negligently trained Rivera and Doe 1 as part of a policy to "make as many arrests as possible." Compl. ¶ 15. Additionally, plaintiff alleges that these defendants were on notice of Rivera and Does 1-10's conduct, alleging that they had been "given notice of an unwritten habit, policy,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

custom, or practice of repeated occasions of a pattern of ongoing constitutional violations and practices by Defendants Rivera and Doe 1–10" which consisted of "persistent assaultive conduct" by Sheriff's deputies and the sanction of unnecessary and excessive force and false arrests. Compl. ¶ 27. Plaintiff further alleges that despite this notice, defendants County, Brown, and Does 3–10 "demonstrated deliberate indifference" to this patterns of constitutional violations by failing preventative measures to prevent the conduct and by failing to adequately supervise the violations of Rivera and other Sheriff's deputies. Id. Plaintiff also alleges that there existed an "informal custom or policy which tolerate[d] and promote[d] the continued use of excessive force and false allegations against the citizens of Santa Barbara" by Sheriff's deputies. Id.

Defendants argue that plaintiff fails to allege facts that state a claim under either a Monell theory of liability against the County or a supervisory liability theory against Brown and Does 3–10. Under Monell, a government entity may be held liable under 42 U.S.C. § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (2) the decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005). In order to establish liability for governmental entities under Monell, a plaintiff must prove (1) that the plaintiff possesses a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Dougherty, 654 F.3d at 900. Liability under Monell arises only where a "deliberate choice to follow a course of action is made from among various alternatives" by city policymakers or where a failure to train reflects a "deliberate" or "conscious" choice by a municipality such that it constitutes a "policy." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal citations omitted).

Defendants contend that plaintiff's allegations against the County "merely state conclusions and assert no material facts supporting the conclusions" such that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

claim can survive a motion to dismiss. Mot. at 11. The Court agrees. Before Twombly and Iqbal, the Ninth Circuit held that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). Although the Ninth Circuit does not appear to have addressed the viability of this rule post-Iqbal, a number of district courts have recognized that this pleading standard may no longer comport with the Supreme Court's more recent guidance. See, e.g., Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (analyzing cases, and dismissing claim where "[t]he complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm."). Regardless of the standard applied, however, the Court finds that plaintiff's bare legal conclusions are insufficient to state a Monell claim. For example, while plaintiff asserts that an unwritten habit, policy, custom or practice exists, he does not identify what this policy is, or how this policy caused his purportedly false arrest or other violations of his constitutional rights. Plaintiff also fails to allege any facts that suggest the County knew of such a policy, even if one in fact existed. Further, with respect to plaintiff's failure to train allegations, his complaint merely states that the County "negligently trained Rivera and Doe 1 as part of a policy to 'make as many arrests as possible'" without offering any specific facts from which the Court could infer that the County had such a policy or engaged in such negligent training, or that such training caused plaintiff's arrest. Compl. ¶ 15; see Cruz v. County of San Bernardino, CV 11-1821, 2011 WL 1790717 (C.D. Cal. May 9, 2011) (finding plaintiff's allegations sufficient where plaintiff made numerous, specific factual allegations regarding how various county policies caused the deprivation of his rights). Accordingly, the court finds that plaintiff has failed to allege sufficient facts to state a claim for relief against the County.

Plaintiff also alleges that Brown and Does 3–10 are liable in his second claim under a theory of supervisory liability. For claims of supervisory liability under section 1983, supervisors are not subject to vicarious liability or respondeat superior, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 9915 (9th Cir. 2001); see, e.g., Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."). To state a claim for supervisory liability under section 1983, plaintiff must allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

either (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). A sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004). A supervisor may be held liable "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208.

Defendants argue that plaintiff has failed to plead any claim against Brown or Does 3–10 in his second claim, because he has alleged not facts to support a claim against these individual defendants. Mot. at 12. In particular, defendants contend that plaintiff fails to allege any facts with respect to these defendants supervisory status. Moreover, elsewhere in his complaint plaintiff appears to allege that these defendants were directly involved in his false arrest—not as supervisors but as integral participants in the underlying arrest. See Compl. ¶ 24. Only in plaintiff's opposition does he state that Does 3–10 "were not present at Mirzai's home when he was arrested," but that "these supervisors condoned the constitutional violation of an arrest without probable cause." Opp'n at 12.

The Court finds that plaintiff's allegations are insufficient to state a claim premised upon supervisory liability against Sheriff Brown and Does 3–10. Arguments in plaintiff's opposition are not the same as factual allegations contained within the four corners of his complaint; if plaintiff seeks to proceed on a theory of supervisory liability against Sheriff Brown and Does 3–10, plaintiff must allege facts in his complaint demonstrating how "these supervisors condoned the constitution violation" that plaintiff allegedly suffered. Moreover, the fact that plaintiff appears to allege that these same Doe defendants were directly involved as participants in his false arrest, rather than only as supervisors, renders plaintiff's allegations internally inconsistent and fails to provide defendants with proper notice of plaintiff's claim. Without intelligible factual allegations in his complaint as to how these defendants participated *as supervisors* in causing a deprivation of plaintiff's constitutional rights, the Court finds that plaintiff fails to state a claim against these defendants premised upon a theory of supervisory liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6201-CAS (MRWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | NADER MIRZAI V. COUNTY OF SANTA BARBARA, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion to dismiss without prejudice. Plaintiff shall have **twenty (20)** days to file an amended complaint correcting the deficiencies identified herein. The Court DENIES defendants' motions for a more definite statement as moot. Although plaintiff's complaint may contain allegations that fall outside the claims alleged therein, the Court finds DENIES defendants' motion to strike without prejudice, given that plaintiff may file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |